**984**

## DEATON v. FEDERAL DEPOSIT INS. CORPORATION.

### No. 5996.

District Court, W. D. Oklahoma.
Sept. 26, 1938.

E. H. Gipson, of Sayre, Okl., and C. Don Ellison, of Oklahoma City, Okl., for plaintiff.

Everest, McKenzie & Gibbens, of Oklahoma City, Okl., for defendant.

VAUGHT, District Judge.

In this action the plaintiff sues to recover on the guaranty of the Federal Deposit Insurance Corporation of a deposit of $5,000 in the First State Bank of Cheyenne, Oklahoma, and on which a certificate of deposit was outstanding at the time of the failure of the bank.

The facts are uncontroverted, that on or about the 15th day of December, 1934, W. F. Conway had a deposit in the First National Bank of Elk City, Oklahoma, in excess of $14,000; that he was in very poor health, had sold his lumber business in Elk City and was preparing to remove to California where he hoped to regain his health.

Plaintiff's evidence is that Conway desired to make his deposits in smaller amounts so that he could have the advantage of deposit insurance; that he talked with Mr. A. L. Thurmond, the President of the First National Bank of Elk City, and learned that the First State Bank of Cheyenne would accept deposits of $5,-000. Conway thereupon issued his check, payable to the First State Bank of Cheyenne, delivered it to Mr. Thurmond, who stated to Conway that he was going to Cheyenne in a few days and Conway directed Thurmond to purchase a certificate of deposit in the First State Bank of Cheyenne for $5,000. A few days thereafter, A. L. Thurmond went to Cheyenne, delivered Conway's check to R. N. Higgins, Jr., the President of the Bank at Cheyenne. The check was stamped with a rubber stamp by Higgins and placed among the papers of the bank and Higgins thereupon issued to Conway and delivered to Thurmond a certificate of deposit for $5,000 due in ninety days bearing interest at three per cent., which certificate of deposit was signed by R. N. Higgins, Jr., President of the bank. Thurmond, on his return to Elk City, delivered the same to Conway.

It is the contention of the defendant that Higgins and Thurmond had a transaction, in the course of which, this particular check of Conway's was delivered back to Thurmond.

■ The acts above mentioned constituted a deposit in the bank at Cheyenne and it is immaterial what the bank did thereafter unless it was with the consent of Conway. The bank received the check and the check bears the indorsement of the First State Bank of Cheyenne and was later paid out of the account of Conway at the First National Bank at Elk City. So far as the bank and Conway are concerned, the transaction was completed and unless Conway consented in some way to the transaction, which the defendant relies upon as a defense in this action, Conway would not be bound.

The court is of the opinion that the deposit was made in good faith by Conway; that a certificate of deposit was issued and delivered to Conway, that it has never been paid; and, that the bank is liable to Conway for said deposit.

■ The court is further of the opinion that this deposit is covered by the insurance policy of the defendant and that the defendant is liable for said sum.

The court finds generally for the plaintiff. Findings of fact and conclusions of law are herewith filed. A form of judgment may be prepared, consistent with said findings, conclusions, and this opinion. An exception is allowed the defendant.